# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOM C. SWIFT, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : 10-7388 |
| GEORGE W. BUSH, DICK CHENEY, JOHN ASHCROFT, ALBERTO GONZALES, | : |
| Defendants. | : |

Goldberg, J.  June 23, 2011

## MEMORANDUM OPINION

Plaintiff, Tom C. Swift, proceeding pro se, has filed a civil rights lawsuit against Defendants, former President George W. Bush, former Vice-President Dick Cheney, and former Attorney Generals John Ashcroft and Alberto Gonzales.

Defendants, represented by the United States Attorney, have filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, the Court agrees with Defendants and will grant their motion to dismiss.

## I.  FACTUAL & PROCEDURAL HISTORY

Plaintiff filed his complaint on December 20, 2010, alleging violations of 18 U.S.C. § 2441 and seeking the criminal prosecution of Defendants for war crimes. Aside from a proclamation

1

regarding Plaintiff's intentions to run for President in 2012, the complaint contains little additional information. Defendants filed a motion to dismiss on February 18, 2011, pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff has supplied no opposition to Defendants' motion.

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).

On a motion to dismiss, a pro se complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim." Olaniyi v. Alex Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

## III. DISCUSSION

Plaintiff's complaint follows a "fill-in-the-blank" format, answering what appears to be a set

2

of pre-formulated, generic questions. As stated in the complaint:

> Section IV: Injuries: If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received:
>
> Answer: N/A.
>
> Section V: Relief: State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation:
>
> Answer: N/A.

(Compl., p. 5.) Given that Plaintiff has affirmatively pleaded that he has suffered no injuries and seeks no relief, Plaintiff has failed to state a claim for relief under FED. R. CIV. P. 12(b)(6).

Plaintiff also seeks the criminal prosecution of Defendants for war crimes. After Plaintiff makes a litany of allegations against George W. Bush and his administration regarding waterboarding and torture, Plaintiff states the following: "Below is the US Law that deals with what George Bush did. Why is this crime not being prosecuted?" Plaintiff then goes on to recite 18 U.S.C. § 2441 on war crimes. (Compl., p. 8.)

Federal criminal statues such as 18 U.S.C. § 2441 do not create a private right of action. Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (criminal statutes do not convey a private cause of action). Rather, it is uniquely within the province of each United States Attorney to "prosecute for all offenses against the United States." 28 U.S.C. § 547(1). The United States Attorneys, as well as the Attorney General, are afforded broad discretion in their enforcement of federal criminal law. United States v. Armstrong, 517 U.S. 456, 464 (1996). (Defs.' Memo., pp. 3-4.)

In a recent, nearly identical, lawsuit in the District of Columbia, a resident sought to bring war crimes charges against former President George W. Bush and former Vice-President Dick

3

Cheney. The court dismissed that case sua sponte for failure to state a claim. Hohensee v. Bush, No. 09-0424, 2009 WL 565701 (D.D.C. Mar. 5, 2009).

Accordingly, construing the allegations in the complaint in a light most favorable to Plaintiff, he has not stated a claim upon which relief can be granted because he has alleged no injuries, seeks no relief, and a private complainant is not authorized to seek a criminal remedy.

### III. CONCLUSION

Therefore, because Plaintiff has failed to state claim for relief pursuant to FED. R. CIV. P. 12(b)(6), the above-captioned action will be dismissed.

Our Order follows.